AVON LAKES CORPORATION, Appellant, v. CAREY A. DEATON, Appellee.

No. 42401.

JUNE 23, 1934.

Leslie E. Francis and Harold J. Crawford, for appellant.

Cunningham & Scott, for appellee.

STEVENS, J.—The petition in this action is entitled in equity and prays judgment in the sum of $48; that such judgment be established as a lien upon certain real estate described in the petition; that special execution issue for the sale thereof; and that a general execution issue for any balance remaining due on said judgment. The defendant moved for the dismissal of the action upon the ground that the municipal court is without jurisdiction to establish or foreclose a lien upon real property. The trial court certified the question as one proper for appeal.

The jurisdiction of municipal courts is concurrent with the jurisdiction of the district court in all civil matters where the amount in controversy does not exceed $1,000, except jurisdiction is withheld in probate matters, actions for divorce, separate maintenance, juvenile proceedings, and in actions directly affecting the title to real estate. Section 10655, Code 1931.

Judgments entered in municipal courts do not become a lien upon real property, but a lien may be obtained thereon by transcripting the judgment to the district court. No execution issued out of the municipal court shall be levied on real property, nor shall the same be sold on any process issued out of said court. Section 10682, Code 1931. Manifestly, the equitable relief sought in this action could not be had in municipal court. That court had no authority or jurisdiction to grant such relief. An action upon the account might, however, have been prosecuted at law in the municipal court.

One of the propositions urged by appellant is that judgment should have been entered, notwithstanding the prayer for equitable relief. The court evidently was of the opinion that the prayer for equitable relief, which it did not have jurisdiction to grant, justified the dismissal of the action. A resistance to the motion to dismiss was filed by appellant in which it is urged as one of the grounds thereof that the court did have jurisdiction to try the action on the

account and render judgment thereon at law. This is, in effect, a consent that the cause be treated as one at law and a request that it be disposed of in that forum. The court at this stage of the proceedings might well have so treated it. The suggestion of counsel that the court had jurisdiction to determine the right of appellant to a lien on the real property and that same be given effect in the district court upon a transcript of such judgment from the municipal court is not persuasive. The amount involved is small and, if appellant desires to prosecute its action at law on the account in the municipal court, the court is of the opinion that it should be allowed to do so.

The judgment below should therefore be reversed, and appellant permitted to try its action upon the account at law. It is so ordered.—Reversed.

All Justices concur.